**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Xusimi Rodriguez, | |
| Plaintiff, | Civil Action No.: 8:13-cv-02669 |
| v. | |
| Fair Collections & Outsourcing, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Xusimi Rodriguez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Xusimi Rodriguez ("Plaintiff"), is an adult individual residing in Coral Spring, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Fair Collections & Outsourcing, Inc. ("FCO"), is a Maryland business entity with an address of 12304 Baltimore Avenue, Suite E, Beltsville, Maryland 20705, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by FCO and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. FCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to FCO for collection, or FCO was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FCO Engages in Harassment and Abusive Tactics

11. Within the last year, FCO called Plaintiff at her place of employment in an attempt to collect the Debt. When leaving a message with a secretary, FCO disclosed that it was calling about the Debt.

12. Plaintiff advised FCO that the calls to her place of employment were prohibited by her employer.

13. Nonetheless, FCO continued to call Plaintiff at her place of employment.

14. In addition, FCO threatened to file a lawsuit against Plaintiff if the Debt was not paid immediately. To date, no such legal action has been filed.

15. Moreover, FCO threatened to garnish Plaintiff's wages if the Debt was not paid. At the time FCO made this threat, it had neither sued nor obtained judgment against Plaintiff.

C. **Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at her place of employment, despite knowing that Plaintiff's employer prohibited such communications.

20. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with a third party regarding the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

24. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened

to take legal action against Plaintiff, without actually intending to do so.

25. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

26. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF